No. 22-12862-J

_____
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____
_____

CHARLES CORNELIUS,

Plaintiff-Appellee,

vs.

ROLLINS RANCHES, LLC,

Defendant-Appellant

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

# BRIEF OF APPELLANT

_____

ROBERT E. RIGRISH
BODKER, RAMSEY, ANDREWS, WINOGRAD & WILDSTEIN, P.C.
3490 Piedmont Road, Suite 1400
Atlanta, Georgia 30305-4808
(404) 351-1615

# <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and 11th Cir. R. 26.1-1 to 26.1-3, the undersigned counsel for Appellant Rollins Ranches, LLC certifies that the following persons or entities have an interest in the outcome of this case:

- Bober, Peter J.M. [Counsel for Plaintiff]

- Bober, Samara [Counsel for Plaintiff]

- Bober & Bober, P.C. [Counsel for Plaintiff]

- Bodker, Ramsey, Andrews, Winograd & Wildstein, P.C. [Counsel for Defendant]

- Cornelius, Charles [Plaintiff]

- LOR, Inc. [a Georgia corporation, sole member in Rollins Ranches, LLC]

- Marra, Kenneth A., Senior United States District Court Judge

- Maynard, Shaniek M. United States Magistrate Judge

- Perez-King, Sylvia T. [Plaintiff-Appellee's counsel]

i

- Rigrish, Robert E. [Counsel for Defendant]

- Ringer, Geoffrey D. [Counsel for Defendant]

- Rissman Barrett Hurt Donahue & McClain, P.A. [Counsel for Defendant]

- Rollins Ranches, LLC [Defendant-Appellant]

- No publicly traded company or corporation has an interest in the outcome of the case or appeal.

**<u>Corporate Disclosure Statement</u>**:

Rollins Ranches, LLC certifies that there is no parent corporation or any publicly held corporation that owns 10% or more of Rollins Ranches, LLC's stock.

*/s/Robert E. Rigrish*
Robert E. Rigrish
Georgia Bar No. 605573
Attorneys for Appellant
Rollins Ranches, LLC

BODKER, RAMSEY, ANDREWS,
WINOGRAD & WILDSTEIN, P.C.
3490 Piedmont Road, Suite 1400
Atlanta, Georgia 30305-4808
Telephone: (404) 351-1615
Facsimile: (404) 352-1285

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellant Rollins Ranches, LLC requests oral argument. This case presents a factually complicated record and significant legal issues relating to FLSA employment, as opposed to independent contractor status; application of the doctrine of *in pari delicto* in this context; appropriate jury instructions for the FLSA agricultural exemption, and FLSA damages, since the Supreme Court's recent decision in <u>Encino Motorcars, LLC v. Navarro</u>, ___ U.S. ____, 138 S. Ct. 1134 (2018), and the propriety of post-trial remittitur relief in a single-plaintiff FLSA case.

Oral argument *will* serve to enhance the decisional process as set forth in FRAP 34(a)(1) and (a)(2) and 11th Cir. R. 34-3(c). De Novo review of this factually complicated record, on Appellant's Fed. R. Civ. P. Rule 50 post-trial motion, given the benefit of oral argument from counsel familiar with the facts in that record, will better allow the Court to assess and consider the propriety of Rule 50 relief and the other issues raised on appeal.

# Table of Contents

Certificate of Interested Persons and  Corporate Disclosure Statement..i

Statement Regarding Oral Argument ..................................................... iii

Table of Citations ...................................................................................vi

I.  Statement of Subject-Matter and Appellate Jurisdiction...............1

II.   Statement of the Issues................................................................3

III.   Statement of the Case ...............................................................4

A.   Nature of the Case.......................................................................4

B.   Course of the Proceedings and Dispositions Below. ..................6

C.   Statement of the Facts. .............................................................. 10

D.   Standards of Review.................................................................. 14

IV.   Summary of the Argument ........................................................ 17

V.   Argument and Citations of Authority........................................ 19

A.   Trial Evidence Establishes that Plaintiff was Not an FLSA Employee, but Instead an Independent Contractor. ........................ 19

B.   The Doctrine of *in pari delicto* Requires that the Jury's Award be Reversed........................................................................................ 26

iv

C.    Remittitur is an Appropriate Remedy for Error in the District Court's FLSA Instructions. ................................................................ 30

D.    The District Court Abused Its Discretion in Denying Rollins Ranches' Proposed Amendment and Excluding *in limine* Evidence Supporting the FLSA Seasonal Recreational Exemption and Cornelius' Roofing Caper. ................................................................ 39

VI.    Conclusion ................................................................ 42

Certificate of Compliance with Rule 32(a) ................................................................ 44

Certificate of Service ................................................................ 45

## <u>TABLE OF CITATIONS</u>

### <u>Cases</u>

<u>Aimable v. Long & Scott Farms</u>, 20 F.3d 434, 439 (11th Cir. 1992) ...... 21

<u>Anagnos v. Nelson Residence, Inc.</u>, 721 Fed. Appx. 901, 903

(11th Cir. 2018 ...................................................................................... 15

<u>Ares v. Manuel Diaz Farms, Inc.</u>, 318 F.3d 1054, 1057

(11th Cir. 2003) ..................................................................................... 32

<u>Artola v. MRC Express, Inc.</u>, 2015 WL 12672722 (S.D. Fla 2015) ... 23, 24

<u>Bateman, Eichler, Hill Richards, Inc. v. Berner</u>,

472 U.S. 299, 310-11 (1985) .................................................. iii, 15,26, 28

<u>Bautista Hernandez v. Tadala's Nursery, Inc.</u>, 34 F. Supp. 3d 1229

(S.D. Fla. 2014) ........................................................................................ 9

<u>Beacon Theatres v. Westover</u>, 359 U.S. 500 (1959) ................................ 26

<u>Bogle v. Orange Co. Bd. of County Com'rs</u>, 162 F.3d 653,

656 (11th Cir. 1998) ............................................................................... 15

<u>Brennan v. Sugar Cane Growers Coop of Fla.</u>, 486 F.2d 1006

(5th Cir. 1973) ................................................................................... 32, 33

<u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001) ................. 16, 39

<u>Cobb v. Sun Papers, Inc.</u>, 673 F.2d 337 (11th Cir. 1982) ...................... 21

Cogar v. Citrus Co. Sheriff's Office, 847 Fed. Appx. 549,

554 (11th Cir. 2021)....................................................................15

Cornelius v. Native Technologies, Inc., S.D. Fla. Case

No. 09-cv-80163 ................................................................. 10, 29

Encino Motorcars, LLC v. Navarro, ___ U.S. ____,

38 S. Ct. 1134 (2018) ....................................................... passim

Endurance American Specialty Ins. Co. v. Liberty Mutual

Ins. Co., 34 F.4th 978, 983 (11th Cir. 2022) ...........................20

Farmers Reservoir & Irrigation Co. v. McComb,

337 U.S. 755, 766 (1947) ..........................................................32

Foman v. Davis, 371 U.S. 178, 182 (1962)...............................41

Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1404–05

(11th Cir. 1994) ........................................................................42

Frederick v. Kirby Tankships, Inc., 205 F.3d 1277,

1283 (11th Cir. 2000)..............................................iii, 9, 15, 36

Gogel v. Kia Motors Manuf. Of Ga., Inc., 967 F.3d 1121,

1134 (11th Cir. 2020)................................................................20

Howard v. Walgreen Co., 605 F.3d 1239, 1242 (11th Cir. 2010)...... 20, 27

Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292,

1320 (11th Cir. 2003)...................................................................36

Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299,

1309 (11th Cir. 2013)...................................................................28

Mamani v. Sanchez Bustamante, 968 F.3d 1216,

1230 (11th Cir. 2020)............................................................ 15, 19

Maneja v. Waialua Agr. Co., 349 U.S. 254, 260-62 (1955) .....................32

McKay v. Miami-Dade County, 34 F.4th 1128, 1132 (11th Cir. 2022) ..20

Official Committee of Unsecured Creditors of PSA, Inc. v. Edwards,

437 F.3d 1145, 1152 (11th Cir. 2006)................................................26, 28

Peat, Inc. v. Vanguard Research, Inc., 378 F.3d 1154,

1159-62 (11th Cir. 2004)...............................................................16

Pinter v. Dahl, 486 U.S. 622, 636 (1988) .........................................26, 28

Pioch v. IBEX Engineering Svcs, Inc., 825 F.3d 1264,

1268 (11th Cir. 2016)...................................................................29

Rosario v. 12425, Inc., 2014 WL 11930595 (S.D. Fla. 2014) .................22

Ruckh v. Salus Rehabilitation, LLC, 963 F.3d 1089,

1109 n. 12 (11th Cir. 2020).........................................................27

Rutherford Food Corp. v. McComb, 331 U.S. 722, 727-29 (1947) ....21, 24

Scantland v. Jeffry Knight, Inc., 721 F.3d 1318, 1311-12

(11th Cir. 2013) ............................................................. 21, 22, 23

Scott v. Harris, 550 U.S. 372, 380 (2007)................................. 20

Trustees of Sabine Area Carpenters' Health & Welfare Fund v.

Don Lightfoot Home Builder, Inc., 704 F.2d 822, 827 (5th Cir. 1983)...24

Weisgram v. Marley Co., 528 U.S. 440, 448 (2000) ................................ 19

Woldeab v. Dekalb Cty. Bd. of Educ., 885 F.3d 1289,

1291 (11th Cir. 2018).................................................................. 41

Wreal, LLC v. Amazon.com, 840 F.3d 1244, 1247 (11th Cir. 2016).......39

**Statutes**

28 U.S.C. § 1331 ....................................................... 1, 33, 35

28 U.S.C. § 1367(a)..................................................... 1, 35

28 U.S.C. §1291 ...................................................... 2, 6, 40

29 U.S.C. § 203(d), (e)(1) & (g) ........................................ 20, 32

29 U.S.C. § 207(a)(1)...................................................... 20

29 U.S.C. § 213(a)(3)(A)................................................... 40

29 U.S.C. § 216(b)......................................................... 1

**Rules**

11th Cir. R. 34-3(c) ................................................... iii, 35

Fed. R. Civ. P. Rule 1 ................................................... 36

Fed. R. App. P. Rule 28(c)(2) ........................................................ 46

Fed. R. App. P. Rule 32(a)(7)(B) ................................................... 45

Fed. R. App. P. Rule 4(a)(4)(A) ...................................................... 2

Fed. R. Civ. P. Rule 13(a)(1) .......................................................... 1

Fed. R. Civ. P. Rule 15(a)(2) ................................................... iii, 41

Fed. R. Civ. P. Rule 16(b)(4) ......................................................... 42

Fed. R. Civ. P. Rule 50 ....................................................... passim

Fed. R. Civ. P. Rule 68 ................................................... 4, 6, 8, 9

Fed. R. Evid. Rule 1006 ................................................................ 8

Fed. R. App. P. Rule 34(a)(1),(2) ................................................... iii

Fed. R. App. P. Rule 26.1 .............................................................. i

Fed. R. Civ. P. Rule 30(b)(6) ........................................................ 42

## Other Authorities

Rev. Rul. 72-268, 1972 WL 29856 (1972)) ....................................... 9

## I.   STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION

The District Court had subject matter jurisdiction of this dispute under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), as the Complaint, Appx. 1, D.E. 1,[1] asserted a claim that Plaintiff Cornelius was a non-exempt employee entitled to FLSA overtime pay, an issue invoking Federal Question subject matter jurisdiction. The District Court had 28 U.S.C. § 1367(a) supplemental jurisdiction over Defendant Rollins Ranches, LLC's compulsory Fed. R. Civ. P. Rule 13(a)(1) counterclaims (Appx tab 2, D.E. 7), as those claims arose from the same case or controversy, and the same transactions or occurrences, as the subject matter of Plaintiff Cornelius' FLSA claims. The District Court entered judgment on the April 21, 2022 jury verdict (Appx. 14, D.E. 153) on July 25, 2022 (Appx. 16, D.E. 186) and Rollins Ranches timely filed their Notice of Appeal from that judgment on August 22, 2022. D.E. 195. The District Court then denied Rollins Ranches' (and Plaintiff's) timely post-trial Fed. R. Civ. P. Rules 50 & 59 Motion (D.E. 191) on October 26, 2022 (D.E. 225). See

[1] "Appx #." Refers to the tab number the Appendix filed with Appellant's Initial Brief. "D.E. #" refers to the numbered Docket Entries from the record below. The Docket Sheet, reflecting those entries, is tab A in the Appendix.

Fed. R. App. P. Rule 4(a)(4)(A), and Rollins Ranches timely filed its amended Notice of Appeal from that Order on November 22, 2022 (D.E. 227). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. §1291 because it involves the appeal of final decisions of a District Court that dispose of all parties' claims.[2]

---

[2] The District Court reserved consideration, given the noticed appeals, of Plaintiff Cornelius' motions for attorneys fees and costs, which implicate Rollins Ranches' motion for a proceeding on costs. See D.E. 176, 182, 197, 223.

## II.    STATEMENT OF THE ISSUES

This appeal presents the following issues:

1.    On de novo review, does the evidence fall short of Plaintiff's burden of proving that he was an FLSA employee, and not an independent contractor, such that the Court below should have granted Rollins Ranches judgment as a matter of law?

2.    Even if sufficient evidence exists to support the legal conclusion that Cornelius was an FLSA employee, does his active, voluntary complicity in obtaining (or maintaining) contractor status bar his recovery of FLSA overtime damages?

3.    Did the District Court err in its FLSA secondary agricultural exemption and FLSA damages instructions? If so, is remittitur to the maximum FLSA damages the jury might reasonably have awarded, if properly instructed, an appropriate remedy?

4.    If Cornelius proved that he was an FLSA employee, his damages claim was not equitably barred, and remittitur is inappropriate, is a new trial, with corrected FLSA exemption and damages instructions, and amendment to permit assertion of the seasonal recreation exemption

and counterclaim based on Cornelius' roofing caper the appropriate remedy?

## III.    <u>STATEMENT OF THE CASE</u>

### A. Nature of the Case.

This is a Fair Labor Standards Act overtime pay case, where the Plaintiff-Appellee Charles Cornelius acknowledged his independent contractor status when he was first engaged at Rollins Ranches' Florida ranches in 2017. <u>See</u> Appx. 12, D.E. 169-1, 168-8, 168-9 (Def. Exs. 12-14). Cornelius provided carpentry and related services on Rollins Ranches' large agricultural enterprise, a cow and calf ranching operation spread over multiple Florida counties. <u>See</u> D.E. 162-6, 162-7, 162-8 (Pl. Exs. 9-11). Cornelius maximized the tax benefits from that independent contractor status until his engagement was terminated in October, 2020. Appx. 13;, D.E. 169-4 (Def. Ex. 17). Only then, through counsel, did he claim to be an FLSA employee. D.E. 176-1.  He rejected early settlement efforts, including a Fed. R. Civ. P. Rule 68 Offer of Judgment. This $10,000 Offer of Judgment was tendered before Rollins Ranches answered, and it exceeded the jury verdict ultimately rendered. D.E. 153 (verdict); D.E. 193-1 (Rule 68 Offer).  The case was tried to a jury in April,

2022. The jury was correctly instructed on the distinction between independent contractors and FLSA employment, but was also given what Defendant-Appellant Rollins Ranches, LLC contends were erroneous instructions on FLSA exemption and overtime damages. Appx. 13, D.E. 215 at pp. 82-84. The jury found that Cornelius was an FLSA employee and was not exempt under the secondary agriculture exemption. The jury further awarded Cornelius overtime damages for all hours Cornelius claimed to have worked over forty hours in a work week. Appx. 14, D.E. 153 at Q. 5 (verdict). However, the jury found that Rollins Ranches neither knew nor showed reckless disregard for whether the FLSA prohibited its treatment of Cornelius as an independent contractor. The jury also awarded Rollins Ranches damages on its counterclaim, which was premised on Cornelius improperly claiming, and being paid, for hours not worked. Id., at Q. 4, 7. The District Court entered judgment on the jury's verdict, and later denied the parties' post-judgment motions for judgment as a matter of law or for a new trial. Appx. 15, 16; D.E. 186 (Judgment); D.E. 225 (Order).

## B. Course of the Proceedings and Dispositions Below.

Cornelius' engagement at Rollins Ranches was terminated in October, 2020. Appx 1, D.E. 1 (Complaint) at ¶ 18. At the end of that month, through counsel, he asserted for the first time that he was an FLSA employee entitled to FLSA overtime for all hours worked over forty in any work week. See D.E. 176-1, 193-3.  Cornelius and his counsel rejected a pre-litigation offer to settle for $10,000, D.E. 193-4, then filed suit on December 29, 2020. Appx. 1, D.E. 1 (Complaint). Rollins Ranches served a formal Fed. R. Civ. P. Rule 68 Offer on January 15, 2021. D.E. 193-1 (Rule 68 Offer). The Offer was not accepted. Rollins answered and counterclaimed, seeking damages for the hours Cornelius claimed to be working, but was instead commuting to the ranch office where he was given work assignments. Appx. 2, D.E. 7 (Answer & Counterclaim); see also D.E. 168-3 (Def. Ex. 4). Discovery followed, during which Rollins Ranches determined that the seasonal use by its ultimate owners' utilizing ranch housing for recreation (bird hunting) might satisfy another FLSA exemption. See D.E. 62 (Defs.' Mot. for Leave to File Amd. Ans.). Rollins also learned, as discovery ended, that Cornelius had ordered and billed to Rollins Ranches metal roofing materials he

6

installed on his personal home in Okeechobee. Id., D.E. 62, 62-2 (Invoice), 62-3 (Order Receipt). The District Court denied Rollins Ranches' motion to amend its affirmative defenses to add the second FLSA exemption defense, and to add a counterclaim for the cost of his home roofing Cornelius had billed to Rollins Ranches.  D.E. 80 (Order).

The parties filed cross motions for summary judgment. The District Court denied the Motions, finding that there were genuine issues for trial on (1) whether Cornelius was an independent contractor, rather than an FLSA employee, and (2) if Cornelius was an FLSA employee, whether the work he performed on the ranches was FLSA exempt under the secondary agricultural exemption. Appx. 5, D.E. 117 (Order), at 5, 7.

At trial, Rollins' Rule 50(a) Motion was denied. D.E. 148 (Minute Entry); Appx. 9, D.E. 214 at p. 133 (Trial Transcript). Over Defendant's objections, Appx. 10, D.E. 215 at 1-9, 91-94, the jury was instructed:

> If Charles Cornelius' work for Rollins Ranches, LLC was spent on activities that would have been undertaken even if Rollins Ranches, LLC was not engaged in agriculture, then the agriculture exemption does not apply. Also, work performed in maintaining and repairing residences on a farm is not exempt work.
>
> […]

7

Whether the secondary agriculture exemption applies is analyzed on a work-week-by-work-week basis, meaning that the Defendant has the burden of showing that in each work week for which it claims the secondary agriculture exemption for Charles Cornelius, Charles Cornelius did not work on anything but secondary agriculture. In other words, the Defendant must prove Charles Cornelius worked exclusively in agriculture for each week claimed. If exempt work occurs in the same week as nonexempt work, the whole work is treated as nonexempt under the FLSA and the employee is entitled to overtime wages for the whole work week, including time that exempt work was performed.

Appx. 13, D.E. 215 (Trial Transcript) at pp. 82-84.

On April 21, 2022, the jury entered a verdict (1) awarding Cornelius overtime wage damages, but (2) found that Rollins Ranches neither knew nor showed reckless disregard for whether the FLSA prohibited its conduct; and (3) found for Rollins on its counterclaim, premised on the discrepancies between ranch gate records and Plaintiff's Labor and Equipment ("L&E") claimed work, in the amount of $2,959.90. Appx. 14, D.E. 153 Q. 4, 5, 7; see also D.E. 162-33 (Pl. Ex. 41 (Fed. R. Evid. Rule 1006 claimed FLSA overtime damages)) and D.E. 168-3 (Def. Ex. 4 (Fed. R. Evid. Rule 1006 claimed counterclaim damages)).

Once the proper deductions are taken, Plaintiff's award is less than Defendant's Rule 68 offer. D.E. 193-1 (Rule 68 Offer). Plaintiff's award of $10,903.63 is first reduced by tax withholding to approximately

8

$7,670.70.[3] It is then further reduced by Defendant's counterclaim judgment against Mr. Cornelius of $2,959.90. The result for Rule 68 calculation purposes is an award of $4,710.80, which is less than half of Rollins Ranches' $10,000 Rule 68 Offer. D.E. 193-1. Consistent with the jury's verdict, the District Court denied Mr. Cornelius' motion for FLSA liquidated damages. D.E. 180 (Order). The Court then entered judgment on the jury verdict. Appx. 16 D.E. 186 (Judgment). The parties noticed appeal from the judgment and filed post-trial motions for judgment as a matter of law or a new trial. D.E. 191, 195, 196, 204 (Motions). The District Court denied the post-trial motions on October 26, 2022. Appx. 16, D.E. 225 (Omnibus Order). The District Court, given the appeals, deferred ruling on Cornelius' motion for attorney fees, to which Judge Marra had earlier deferred consideration of Rollins Ranches' motion for a proceeding on post-Rule 68 offer fees and costs. D.E. 182 (Paperless Order denying Mot. Mot. for Proceeding to Determine Costs without Prejudice); D.E. 223 (Paperless Order stay and deferring ruling on Pl's.

---

[3] See D.E. 176-5; <u>Bautista Hernandez v. Tadala's Nursery, Inc.</u>, 34 F. Supp. 3d 1229, 1247 n. 10 (S.D. Fla. 2014), (quoting Rev. Rul. 72-268, 1972 WL 29856 (1972)); <u>cf</u>. <u>Frederick v. Kirby Tankships, Inc.</u>, 205 F.3d 1277, 1283 (11th Cir. 2000).

Mot. for Fees). On referral, Magistrate Judge Maynard deferred ruling on Cornelius' motion for an award of costs pending disposition on appeal. D.E. 194 (Motion), 197 (Order).

### C. Statement of the Facts.

Charles Cornelius, an experienced FLSA litigant,[4] accepted an offer to provide carpentry and related trade services at Rollins Ranches, LLC's Florida ranches, which are headquartered and primarily located in Indian River County, Florida, in June 2017. Coincident to this engagement, he executed an IRS W-9 form holding himself out as a sole proprietor; signed an acknowledgment of his independent contractor status; and signed a personal injury waiver form describing the parties' arrangement. See Appx. 11, D.E. 169-1 and D.E. 168-8, 166-9 (Def Exs. 12, 13 and 14). At trial, contradicting these documentary admissions, Cornelius attributed his contractor status to a demand allegedly made by Rollins' Buildings & Grounds manager Jeff DelCagliano. Appx. 8, D.E. 213 [at p. 113/L8, pp. 112-120]. His witness, Mr. DelCagliano, did not support this story. Appx. 9, D.E. 214 (at 69-71/L15-18 ("I don't know")

---

[4] See Cornelius v. Native Technologies, Inc., S.D. Fla. Case No. 09-cv-80163; D.E. 76-17.

10

through72/L2-5). It was also directly contradicted by former Rollins managers O'Connor and Waite, who credibly testified to efforts to convert Mr. Cornelius' anomalous contractor status to regular employment. Appx. 9, D.E. 214 (Transcript Vol. 3 at 152/L15-17 (O'Connor), Appx. 10, D.E. 215 (Transcript Vol. 4 at 14-15 (Waite). Waite described Cornelius attributing his reluctance to "taxes." Id., 14/L15-18. <u>See also</u> D.E. 180, Order at 6 ("evidence was presented, which the court finds credible, that indicated that Plaintiff was provided with the option of becoming an hourly employee, which he rejected").

Cornelius recorded daily the work he performed at Rollins Ranches, on L&E forms which identified the tasks performed, hours claimed, and, significantly for purposes of Rollins' secondary agriculture exemption defense and the measure of possible FLSA damages, the ranch structures on which he worked.[5] Trial testimony, particularly that of Cornelius'

---

[5] Cornelius' L&Es (D.E. 162-7, 162-8, for 2019 & 2020), for example, were contemporaneous admissions of what he claimed to be doing on Wednesdays and Thursdays, the end of each workweek, when his claimed hours might exceed the FLSA forty hour overtime threshold. Those 'over forty' claimed hours, when performing work on structures attributable to the Rollins family's seasonal recreational use, suggested possible nonexempt (absent the seasonal recreation exemption) overtime totaling $1,977.75. See D.E. 168-2, Def. Ex. 2 (Fed.R.Evid. 1006 summary of hours

nominal manager, DelCagliano, established that Rollins did not determine or control the manner in which that work was performed, much less verify the hours claimed. When cross examined with his own L&E forms, D.E. 168-10 (Def. Ex. 25, offered but not admitted), which showed what DelCagliano was doing (if even present on the ranches), when Cornelius' claimed work elsewhere on the ranch. DelCagliano acknowledged that he regularly took Plaintiff's word for it. Appx. 9, D.E. 214 (Transcript Vol. 3 at pp. 84-112). As the Court acknowledged, "you made the point a long time ago." Id., at D.E. 214, (Transcript Vol. 3 at 112/L25).

One anomaly in Cornelius' L&E forms was for May 13, 2020. This record is the only instance in which Cornelius himself reduced his claimed hours on his L&Es (other than acknowledging lunch breaks) for 1.5 hours. See D.E. 73-2 [Motion to Amend Ex. 2]. This anomaly was explained late in discovery, when Rollins Ranches learned that Cornelius had ordered on Rollins' account nearly $3,000 in metal roofing that he

---

over forty allocated and paid for by the Rollins family); Appx. 9, D.E. 214 at p. 183-189.

had delivered to his Okeechobee home and then installed on that home. See D.E. 62 at pp. 2, 3, & 62-1 (Exhibits to proposed Amendment).

Rollins Ranches also learned in the last month of discovery, facts from third parties giving rise to an additional FLSA defense: an exemption for seasonal recreational activities. See D.E. 62 at pp. 3-4 and D.E. 62-5; 29 U.S.C. § 213(a)(3).

Throughout his Rollins Ranches engagement, Cornelius certified in Federal tax submissions that he was a sole proprietor operating a finish carpentry business. See D.E. 169-2 through 169-5 (Cornelius' 2017-2020 tax records). He took full advantage of this status, claiming aggressive tax deductions and depreciation claiming 100% use of multiple vehicles (claiming 100% mileage deductions, along with depreciation and maintenance expenses), depreciating a generator and golf cart, and claiming purchases of tools and clothing. He did not declare the monies paid to him by Rollins Ranches as wages, but instead as business revenue. Plaintiff's aggressive tax strategy included claiming business deductions for all use of two vehicles, depreciating a golf cart and a generator, and claiming to have spent $2,683 on tools, $3,251 on repairs and maintenance, and $1488 on 'work clothes' in 2019 alone for his

13

"Finish Carpentry Contractors" business. This meant that Plaintiff could avoid paying any income taxes for 2019, and instead claim a $772 loss on the $55,701.25 in Form 1099 Miscellaneous Income paid to his "Finish Carpentry" business that year. See Appx. 12, D.E. 169-4 (Def. Ex. 17) (2019 Tax Return). In a little over three years providing services at Rollins Ranches, Plaintiff's "Finish Carpentry" business purchased (or at least claimed deductions for) $11,835 in tools, and depreciated a Jeep and two trucks, plus a golf cart and generator. See D.E. 169-2 to 169-5 [Def. Exs. 15-18] (2019 Tax returns).

Moreover, the jury's finding that Plaintiff exaggerated his hours demonstrated that Plaintiff could and did claim significantly more hours than actually worked. This exaggeration increased his revenue from Rollins Ranches and hence the profit he might claim, or the revenue over which to spread his business deductions. Appx. 14, D.E. 153 at Q. 6, 7 (Verdict Form)

### D. Standards of Review.

Whether Rollins Ranches is entitled to judgment as a matter of law on Cornelius' independent contractor status, and whether his claim for FLSA overtime damages is equitably barred by the doctrine of *in pari*

*delicto*,[6] are reviewed de novo, applying the same Fed. R. Civ. P. Rule 50 standard applied by the District Court. <u>Bogle v. Orange Co. Bd. of County Com'rs,</u> 162 F.3d 653, 656 (11th Cir. 1998); <u>Mamani v. Sanchez Bustamante</u>, 968 F.3d 1216, 1230 (11th Cir. 2020).

Whether the District Court's instructions on the FLSA secondary agriculture exemption, and measure of FLSA overtime damages, accurately reflect the law is also reviewed de novo. <u>Anagnos v. Nelson Residence, Inc.,</u> 721 Fed. Appx. 901, 903 (11th Cir. 2018); <u>Cogar v. Citrus Co. Sheriff's Office</u>, 847 Fed. Appx. 549, 554 (11th Cir. 2021) (citations omitted).

In review of the District Court's denial of Rollins' motion for a remittitur, this Court "must independently determine the maximum possible award that is reasonably supported by the evidence in the record." <u>Frederick v. Kirby Tankships, Inc.,</u> 205 F.3d 1277, 1283 (11th Cir. 2000) (citation omitted).

Whether the District Court erred in rejecting Rollins Ranches' proposed amendment to (1) allow the seasonal recreational FLSA

---

[6] From the Latin "*in pari delicto potior est conditio defendentis:* 'In a case of equal or mutual fault ... the position of the [defending] party ... is the better one.'" <u>Berner</u>, 472 U.S. at 306.

exemption defense; (2) add to the counterclaim Cornelius' billing Rollins Ranches for the metal roofing he installed on his private home; and (3) in granting Cornelius' Motion in Limine to bar evidence of the exemption defense and additional counterclaim issue, are reviewed for abuse of discretion. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001); Peat, Inc. v. Vanguard Research, Inc., 378 F.3d 1154, 1159-62 (11th Cir. 2004).

## IV.   **SUMMARY OF THE ARGUMENT**

De novo review of the evidence at trial establishes that, in economic reality and as a matter of law, Plaintiff Cornelius was an independent contractor and not an employee who might claim a right to FLSA overtime damages.

Even if Cornelius was an FLSA employee, his active, voluntary participation in his classification and treatment as an independent contractor bars his claim to FLSA overtime damages under the equitable doctrine of *in pari delicto*. This equitable bar requires reversal of the jury's FLSA damages verdict.

Under the "fair reading" required by Encino Motorcars, LLC v. Navarro, ___ U.S. ____, 138 S. Ct. 1134 (2018), the District Court erred in instructing the jury on Rollins' secondary agriculture exemption defense and FLSA overtime damages. Under the particular circumstances of this single plaintiff case, remittitur of the jury's FLSA overtime damages award to the maximum it might possibly have awarded is an appropriate remedy.

If Cornelius' FLSA claim, or FLSA damages, are not reversed, or remittitur ordered, then alternatively, the FLSA judgment should be

reversed and the case remanded for a new trial with proper FLSA exemption and damages instructions. On remand, the District Court's abuse of discretion in rejecting Rollins' amendment, and evidence, permitting assertion of the seasonal recreational activity defense, and counterclaim consideration of Cornelius' roofing caper, should be corrected.

## V.   ARGUMENT AND CITATIONS OF AUTHORITY

### A. Trial Evidence Establishes that Plaintiff was Not an FLSA Employee, but Instead an Independent Contractor.

This Court's de novo review of the District Court's denial of Rollins' Fed. R. Civ. P. Rule 50 Motion (Appx. 16, D.E. 225) "allows [it] to remove cases or issues from the jury's consideration 'when the facts are sufficiently clear that the law requires a particular result.'" Weisgram v. Marley Co., 528 U.S. 440, 448 (2000) (quotation omitted). "[The] sole consideration is whether the evidence sufficiently supports the verdict." Mamani v. Sánchez Bustamante, 968 F.3d 1216, 1230 (11th Cir. 2020)(citation omitted).

A dispute of fact is not genuine, or sufficient to avoid judgment as a matter of law, unless a reasonable jury could return a verdict in favor of the non-moving party. "When opposing parties tell two different stories, one of which is blatantly contradicted by the [documentary] record, so that no reasonable jury could believe it, a court should not adopt that version of the facts" for purposes of determining whether a party is entitled to judgment as a matter of law. Scott v. Harris, 550 U.S.

372, 380 (2007). The same standard applies to both summary judgment and Fed. R. Civ. P. Rule 50 motions. <u>Id.</u>

A defendant's motion should be granted "when the plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for him on a material element of his cause of action." <u>Endurance American Specialty Ins. Co. v. Liberty Mutual Ins. Co.</u>, 34 F.4th 978, 983 (11th Cir. 2022), (quoting <u>Howard v. Walgreen Co.</u>, 605 F.3d 1239, 1242 (11th Cir. 2010)).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'". <u>Gogel v. Kia Motors Manuf. Of Ga., Inc.</u>, 967 F.3d 1121, 1134 (11th Cir. 2020) (*en banc*).

As a Plaintiff seeking FLSA overtime pay, Cornelius bore the burden of proving that he was an FLSA employee. <u>See</u> 29 U.S.C. § 207(a)(1). The FLSA's definition of an employee is "frustratingly circular," and provides little guidance. <u>See</u> <u>McKay v. Miami-Dade County</u>, 34 F.4th 1128, 1132 (11th Cir. 2022); 29 U.S.C. § 203(d), (e)(1) & (g). Cornelius' burden at trial was to prove, contrary to the contemporaneous admissions in his independent contractor

20

acknowledgement and Federal tax certifications, that "under the circumstances of the whole activity" or "economic reality," he was not an independent contractor but instead an FLSA employee. See Rutherford Food Corp. v. McComb, 331 U.S. 722, 727-29 (1947); Scantland v. Jeffry Knight, Inc., 721 F.3d 1318, 1311-12 (11th Cir. 2013) (citations omitted); Cobb v. Sun Papers, Inc., 673 F.2d 337 (11th Cir. 1982). While the Supreme Court had previously held that FLSA exceptions "must . . . be narrowly construed," the Court now requires that the FLSA be given its "fair reading." Encino Motorcars, 138 S. Ct. at 1142. Whether Cornelius was an independent contractor, as opposed to an employee, is ultimately a question of law. Scantland, 721 F.3d at 1310-11.

The "economic reality" of the parties' relationship is assessed on multiple, nonexclusive factors, none of which is determinant. Scantland, 721 F.3d at 1312; Cobb, 673 F.2d at 340-41 (eleven factors); Eleventh Cir. Pattern Jury Instructions (Civil Cases) (2020) at ¶ 4.24 (factors (a) through (f)); see also Aimable v. Long & Scott Farms, 20 F.3d 434, 439 (11th Cir. 1992) (eleven factors). In Scantland, this Court addressed six of the nonexclusive factors because the parties relied on them.

21

The first factor looks to "[t]he nature and degree of [Rollins Ranches'] control *as to the manner in which the work is to be performed*." Scantland, 721 F.3d at 1312 (emphasis supplied). Tellingly, the testimony at trial, particularly that of former Rollins manager DelCagliano, established the absence of such control. When cross examined with his own L&E forms (Def. Ex. 25, offered but not admitted), Mr. DelCagliano acknowledged, instead, that he regularly took Plaintiff's word for what he was doing and how long it took. Appx, 9 [Transcript Vol. 3 at pp. 84-112.]

On the second Scantland factor, Plaintiff's tax return records (Appx. 12 and D.E. 169-2 through 169-5, Def. Exs. 15-18) demonstrated "an opportunity for profit or loss, depending on his managerial skill," evidencing independent contractor status. "A plaintiff's characterization of himself as self-employed [in tax returns] . . . is relevant to the independent contractor/employee issue . . ." Rosario v. 12425, Inc., 2014 WL 11930595 (S.D. Fla. 2014); see also D.E. 54 at pp. 10-11 (discovery Order quoting Rosario). Here, Cornelius' opportunity to exaggerate hours worked, as found by the jury in awarding counterclaim damages, allowed

him to maximize his carpentry business revenue, whether to show a profit or maximize business deductions.

The tax documents (Appx. 12, and D.E. 169-2 through 169-5, Def. Exs. 15-18) also show that Cornelius provided his own tools and equipment, a factor weighing in favor of independent contractor status. Scantland, 721 F.3d at 1312; see also Appx. 9 (DelCagliano) at pp. 116/L25-117. In a little over three years providing services at Rollins Ranches, Cornelius' "Finish Carpentry" business purchased (or at least claimed deductions for) $11,835 in tools, and depreciated, claiming exclusive business use, three vehicles, plus a golf cart and generator. Id. As Judge Seitz of the Southern District has noted, "large capital expenditures, such as purchasing [and maintaining] a work vehicle used principally for business," weighs toward contractor status. Artola v. MRC Express, Inc., 2015 WL 12672722 (S.D. Fla 2015).

The trial evidence, specifically Cornelius' contemporaneous L&E reports of tasks performed, and the absence of supervision demonstrated in DelCagliano's testimony (D.E. 162-6 through 162-8, Plaintiff Exhibits 9, 10, 11; Appx. 9, Transcript Vol. 3 at pp. 84-115), show that Cornelius claimed and applied special skills of the sort regularly obtained from

23

independent contractors. Trustees of Sabine Area Carpenters' Health & Welfare Fund v. Don Lightfoot Home Builder, Inc., 704 F.2d 822, 827 (5th Cir. 1983). See especially, Appx. 9, Transcript Vol. 3 at 153/L8 (O'Connor: "[Rollins Ranches] sought "trade skills"); at 116/L14-20 (DelCagliano: "I didn't have to teach him anything").

Another factor considered in determining FLSA employment, as opposed to independent contractor status, is whether the services provided were integral to the employer's business. For example, in Rutherford Food, 331 U.S. at 729, the production line boners' services were integral to Rutherford Food's slaughterhouse business. Similarly, in Artola, the delivery drivers at issue provided services integral to the employer's logistics business. Artola, 2015 WL 12672722 at * 10. Here, Rollins Ranches' business was just that, ranching: i.e., raising cattle. Cornelius admitted that he was not essential to that business. Appx. 8, Transcript Vol. 2 at 43/L3-5]. At trial, Cornelius' case focused on showing that the services performed by Cornelius were *not* integral to Rollins Ranches' business, but instead devoted to maintaining Rollins Ranch structures, and particularly Rollins family, guest, and employee housing, though his L&E forms reflect substantial work on agricultural

structures. Compare, for example, Cornelius' claimed work on May 13, 2020, the day he accepted delivery, at his home in Okeechobee, of the roofing he had ordered on Rollins' account. D.E. 73-2. (11 hrs "Mec[hanics] shop worked on storige")

Finally, the intent of the parties is a factor. <u>See</u> Pattern Jury Instruction (Civil) 4.24(f). Here, Cornelius's testimony contradicts the contemporaneous documentary evidence of his contractor acknowledgement and W-9 form (Appx. 11, D.E. 168-13, 169-1) and tax certifications (Appx. 12, [2019 tax return] and D.E. 169-2 through 169-5) that he was instead required by DelCagliano to work as a contractor. Appx. 8, Transcript Vol. 2 at pp. 113-120. His witness, DelCagliano, did not support this story. Appx. 9, Transcript Vol. 3 at p.71/L15-18 ("I don't know"). It was directly contradicted by O'Connor and Waite, who credibly testified to efforts to convert Cornelius' anomalous status to regular employment. Appx. 9 Transcript Vol. 3 at 152/L15-17 (O'Connor), Appx. 10, Transcript. Vol. 4 at 14-15 (Waite).

The FLSA definition of employee may be circular and broad, but it is not so broad as to capture independent contractors. The evidence here is sufficiently clear, under the economic realities test, that the law

requires a particular result: Cornelius was an independent contractor, and not an FLSA employee. Cornelius' claim he was compelled to elect contractor status, contradicted by his documentary admissions, does not create a genuine issue of material fact. On its de novo review, this Court should reverse the District Court's denial of Rule 50(b) relief from the jury verdict (D.E. Doc. No. 153 at Q. 1).

### B. The Doctrine of *in pari delicto* Requires that the Jury's Award be Reversed.

Assuming, *arguendo*, that there was sufficient evidence from which the jury could reasonably find that Cornelius met his burden of proving FLSA employee status, the application of the equitable doctrine of *in pari delicto* requires that Plaintiff recover no FLSA overtime damages, and the jury's verdict award of $10,903.63 be reversed. Appx 14, D.E. 153 at Q. 5. See Pinter v. Dahl, 486 U.S. 622, 636 (1988); Bateman, Eichler, Hill Richards, Inc. v. Berner, 472 U.S. 299, 310-11 (1985); Official Committee of Unsecured Creditors of PSA, Inc. v. Edwards, 437 F.3d 1145, 1152 (11th Cir. 2006). The timing of this equitable defense to a damages award did not arise until the jury resolved the issue of whether Plaintiff was an FLSA employee. Cf. Beacon Theatres v. Westover, 359 U.S. 500 (1959). It was raised in Defendant's Answer ('unclean hands') and arises from

the evidence heard by the jury. Appx. 2, D.E. 7 at p. 4. It is closely related to the sufficiency of evidence to prove FLSA employee status raised, before the verdict, in Defendant's Fed.R.Civ.P. Rule 50(a) Motion at the close of Plaintiff's case. See Appx. 9, Transcript Vol. 3 at pp. 133-134; Howard v. Walgreen Co., 605 F.3d 1239, 1243 (11th Cir. 2010); Ruckh v. Salus Rehabilitation, LLC, 963 F.3d 1089, 1109 n. 12 (11th Cir. 2020)(citations omitted).

The evidence at trial showed that Cornelius received independent contractor treatment by executing documents to that effect at his initial engagement in 2017. Appx. 11, D.E. 168-8, 168-9, 169-1 [Def. Exs. 12, 13, 14]. Though Plaintiff claimed he was 'required' to do this, the witness to whom he attributed this 'requirement,' DelCagliano, denied any knowledge of why Plaintiff worked as a contractor. Appx. 9 [Transcript Vol. 3 at p.71/L15-18 ("I don't know")]. Another witness (O'Connor) attributed this engagement term to Plaintiff's demand, and both O'Connor and the last manager overseeing Plaintiff's contract labor, Waite, testified to Defendant's efforts to convert Plaintiff's anomalous contractor status to employment, which Plaintiff rejected. Appx. 9, [Transcript Vol. 3 at 152/L15-17 (O'Connor), Appx. 10, Transcript Vol. 3

27

at 14-15 (Waite). The District Court found this testimony credible. D.E. 180 at p. 6. The evidence also shows that Plaintiff reaped substantial tax benefits from this treatment. Appx. 12; *see also* D.E. 169-2 through 169-5 [Def. Exs. 15-18].

These facts present the paradigm case for this Court, on de novo review of the District Court's Order denying Rule 50 relief, Appx. 16, D.E. 225, to deny FLSA overtime damages where employment/contractor status is in dispute, in equity and as a matter of law.[7] The evidence shows that Plaintiff Cornelius "bears at least substantially equal responsibility for the statutory violation he seeks to redress." Berner, 472 U.S. at 310-11; Edwards, 437 F.3d at 1152. Crediting his claim, Cornelius was nonetheless an active, voluntary participant, in cooperation with Rollins Ranches, in the subject activity that the jury found to be unlawful (FLSA employment status). Pinter, 486 U.S. at 636. While not admitted into

---

[7] In Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1309 (11th Cir. 2013), this Court found that the *in pari delicto* standard was not met on the defendant's Rule 50 motion where the plaintiffs' immigration status (undocumented aliens) was not related to their FLSA claims and, unlike here, the plaintiffs "did not participate in [employer's] decision . . ." Unlike Lamonica, here the statutory violation is related to Plaintiff's own actions.

evidence before the jury, Mr. Cornelius was an experienced FLSA litigant when he negotiated to work at Rollins Ranches in 2017.[8] As noted, Cornelius reaped substantial tax benefit from his treatment as an independent contractor and declined opportunities to have his status converted to hourly employment.

The facts here demonstrate Cornelius exercised significant bargaining power. Cornelius was paid three times the minimum wage, without tax withholdings; his claimed hours worked were uniformly accepted without question; and he reaped significant tax benefit by treating the monies paid to him by Rollins as business revenue, not wages, then maximized business deductions on that revenue. Denying Cornelius FLSA overtime damages would not substantially interfere with the FLSA's policy goals. The FLSA was "designed to aid the unprotected, lowest paid . . . those who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage." Pioch v. IBEX Engineering Svcs, Inc., 825 F.3d 1264, 1268 (11th Cir. 2016) (citation

---

[8] See D.E. 76-17;  Cornelius, et. al. v. Native Technologies, Inc., S.D. Fla. Case No. 09-cv-80163.

29

omitted); see also Rutherford Food Corp. v. McComb, 331 U.S. 722, 727 (1947).

On de novo review, this Court should grant Rollins Ranches equitable relief, due as a matter of law, and deny Cornelius the FLSA overtime damages (Appx. 14, D.E. No. 153 at Q. 5) awarded by the jury.

### C. Remittitur is an Appropriate Remedy for Error in the District Court's FLSA Instructions.

The District Court accepted and gave, in effect, Cornelius' proposed FLSA instructions on the secondary agriculture exemption and measure of FLSA damages. Compare D.E. 134, at italicized text, pp. 21-23, with Appx. 13, , D.E. 215 at pp. 82-84. But the District Court's instructions on these two key points were incorrect as a matter of law. The instructions at issue impermissibly dictated the finding of disputed facts. The instructions then also directed damages inconsistent with the FLSA, when the Act is fairly read as required by Encino Motorcars, 138 S. Ct. at 1142.

The instructions at issue are:

If Charles Cornelius' work for Rollins Ranches, LLC was spent on activities that would have been undertaken even if Rollins Ranches, LLC was not engaged in agriculture, then the agriculture exemption does not apply. Also, work

performed in maintaining and repairing residences on a farm
is not exempt work.

[...]

Whether the secondary agriculture exemption applies is
analyzed on a work-week-by-work-week basis, meaning that
the Defendant has the burden of showing that in each work
week for which it claims the secondary agriculture exemption
for Charles Cornelius, Charles Cornelius did not work on
anything but secondary agriculture. In other words, the
Defendant must prove Charles Cornelius worked exclusively
in agriculture for each week claimed. If exempt work occurs
in the same week as nonexempt work, the whole work is
treated as nonexempt under the FLSA and the employee is
entitled to overtime wages for the whole work week, including
time that exempt work was performed.

Appx. Tab 13, D.E. 215 (Transcript Vol. 4) at pp. 82-84.[9]

These Instructions find no basis in the language of the FLSA. If

that statute is fairly read under <u>Encino Motorcars</u>, 138 S. Ct. at 142, the

Instructions deprived the jury of the opportunity to make a factual

determination on disputed facts. The Instructions precluded the jury

from considering whether the work was in fact exempt under the FLSA;

for example, whether the work performed on employee housing located

---

[9] Compare Plaintiff's proposed instructions at D.E. 134 pp. 21-23
(italicized text, proposed by Cornelius' counsel and objected to by Rollins'
counsel).

on the ranches of a farmer (Rollins Ranches) was "as an incident to . . . farming . . . performed on a farm." See 29 U.S.C. § 203(f); see also Farmers Reservoir & Irrigation Co. v. McComb, 337 U.S. 755, 766 (1947). "The text and history [of the FLSA] seem to show that the congressional purpose was . . . to make certain that nothing connected with farming remained subject to the Act." Farmers Reservoir, 337 U.S. at 771 (Jackson, J., dissenting).[10] As one example, this Court affirmed summary judgment for an employer where the plaintiff, as part of his farm duties, fumigated housing on a farm. Ares v. Manuel Diaz Farms, Inc., 318 F.3d 1054, 1057 (11th Cir. 2003).[11]

---

[10] For example: "We are told this measure will raise the wages . . . of the exploited workers of America. If this is the case then why is it that the poorest paid labor of all, the farm labor . . . has been omitted from this bill? The answer is that the votes of the farm bloc in the House, the best organized bloc we have here, would have voted against the bill and defeated it." 83 Cong. Rec. 9257 (1938) (statement of Rep. Hartley after the Conference Committee's report on the bill to the House).

[11] Ares relies on Maneja v. Waialua Agr. Co., 349 U.S. 254, 260-62 (1955). There, the Supreme Court held that railroad transport workers on the sugar cane plantation were exempt. Maneja also held that processing plant employees were not exempt, under the agriculture exemption, but that a third group was exempt. Id., at 271-72. "The employees working in the maintenance of the village and the repair of respondent's dwelling houses," are not covered by [the FLSA]" Id. Ares also relied on Brennan v. Sugar Cane Growers Coop of Fla., 486 F.2d 1006 (5th Cir. 1973), holding that workers who "maintained living facilities" for plantation

The Instructions given also deprived the jury of the opportunity to determine, consistent with the FLSA, whether some work claimed by Cornelius in excess of 40 hours per week was exempt under the secondary agricultural exemption and to calculate those damages accordingly. This claimed work includes, for example, Cornelius' work roofing ranch agriculture facilities at the Voor Jar ranch,[12] and ranch employee housing.

The authorities cited by Cornelius to support his proposed instructions, relied upon by the District Court, cannot survive post-Encino Motorcars scrutiny. For example, a 1972 regulation, and case law relying on it, without support in the language of the FLSA itself, would require overtime for segregable exempt work. Here, the work Cornelius claimed on L&Es after claiming forty hours in a work week, might be a mixture of exempt work directed to the Rollins Ranches' agricultural structures and some work might deem nonexempt on proper instruction.

---

workers were exempt. Cf. Ramirez v. Statewide Harvesting & Hauling, LLC, 997 F.3d 1356, 1361 (11th Cir. 2021) (explaining Brennan).

[12] See D.E. 162-2, 162-3, 162-8 [Pl. Exs. 4, 5, 11 (code sheets and March 2020 L&Es); Appx, 9 [D.E. 214 Transcript Vol. 3 at 99/L4 to 109/16 (DelCagliano).

For example, the jury might have found a small portion of such work was not exempt – for example, work on Rollins' family and guest housing.[13] Cornelius' proposed instructions argued for this pre-<u>Encino Motorcars</u> damages construction, awarding overtime damages regardless of whether the over forty work was exempt. D.E. 134 at pp. 21-23. The District Court's instructions accepted this principle. A remittitur reducing the jury verdict to over-forty work on Rollins family and guest housing (summarized at Def. Ex. 2, D.E. 168-2, as explained at Appx. 9, D.E. 214 Transcript Vol. 3 at p. 183-189) would reduce the verdict to what a jury, properly instructed, might reasonably determine and avoid a new trial.

This dated construction of FLSA overtime damages principles might be appropriate where the absence of records, such as Cornelius' daily completion of L&E forms, makes distinguishing exempt from non-exempt work over forty hours in a workweek impossible. However, a "fair reading" of the FLSA, which requires overtime pay only for nonexempt

---

[13] With proper instructions, a jury might find that such work was incidental to the Ranches' agricultural function and therefore exempt, or, had Rollins Ranches' amendment been allowed, that such work was exempt under the seasonal recreation exemption.

work by FLSA employees, bars this permissive construction of overtime damages, where records (here, Cornelius' contemporaneous L&E claims of time and work performed) make it feasible to determine, to the hour, which over-forty hours were spent on nonexempt work. See Encino Motorcars, 138 S. Ct. at 1142.

The premise for cases like Skipper v. Superior Dairies, Inc., 512 F.2d 409 (5th Cir. 1975), on which the objectionable instructions rely, was that exempt and nonexempt work, in the absence of records, could not be segregated, and the old narrow, rather than 'fair,' reading given exemptions, effectively treated exempt work as nonexempt. See e.g., North Shore Corp. v. Barnett, 143 F.2d 172, 175 (5th Cir. 1944) ([where] "time spent . . . cannot be segregated"). There is no 'rule' in the FLSA that exempt and nonexempt work in the same workweek makes exempt hours nonexempt, particularly where business records make it possible to segregate tasks. See Skipper, 512 F.2d at 411. The 1972 regulation (29 C.F.R. § 780.11) that the cases cite references cases from the 1940s that either do not support its conclusion or arise from situations, unlike here, where exempt work could not be segregated. As such, this interpretive regulation (not an exercise of regulatory authority delegated by the FLSA

35

to the Department of Labor) is due no deference, as it is inconsistent with the existence of FLSA exemptions and <u>Encino Motorcars</u>. <u>See</u> <u>Josendis v. Wall to Wall Residence Repairs, Inc.</u>, 662 F.3d 1292, 1320 (11th Cir. 2003). The instructions' acceptance of this premise, rather than Defendant's proposed instruction ("the amount of damages is the difference between the amount Charles Cornelius should have been paid and the amount he was actually paid for *non-exempt* hours worked over forty in a work week") is erroneous as a matter of law, and clearly harmful, as the jury awarded Cornelius all hours he claimed to have worked over forty. <u>See</u> D.E. 134 at p. 33 (Rollins' proposed instruction); D.E. 162-33 (Pl. Ex. 41, Rule 1006 summary of claimed damages during two year limitations period), Appx. 14, D.E. 153 at Q. 5 (FLSA damages verdict).

Remittitur is a remedy by which this Court can reduce a jury damages award that, as here, was not based on passion or prejudice to the maximum award the evidence can support. <u>Frederick</u>, 205 F.3d at 1283. Remittitur is preferable to a new trial because it secures "the just, speedy and inexpensive determination of [this] action." Fed. R. Civ. P. Rule 1.

The jury heard evidence from which it could, if properly instructed, have distinguished between arguably exempt work claimed by Cornelius on ranch structures like the facilities at Voor Jar and ranch employee housing and the work done on structures and facilities associated with the Rollins' families' recreational use, which present a fact question of secondary agriculture exemption. Plaintiff's case focused on the work claimed on Rollins family housing and facilities. As explained by Rollins Ranch controller Tepker and summarized at Def. Ex. 2 (D.E. 168-2), Rollins Ranches allocated to Rollins family principals, and was paid by them, for Cornelius (and others') work on such family structures. Cornelius recorded this work on the daily ranch "L&E" forms produced in evidence at Pl. Exs. 10 & 11 (at D.E. No. 162). This evidence shows Cornelius claimed hours over forty on such family structures which would total $1,977.75 worth of putative FLSA overtime during the two-year FLSA limitations period. D.E. 168-2, Def. Ex. 2]; Appx. 9, Transcript Vol. 3 at 183-192.

If, on its de novo review, this Court does not grant Rollins Ranches judgment as a matter of law on the FLSA claim, an appropriate remedy, in lieu of a new trial and in light of the legal error in the jury instructions,

would be to direct remittitur, on remand, reducing Plaintiff's FLSA overtime damages from the $10,903.63 awarded by the jury on erroneous Instructions (D.E. No. 153 at Q. 5) to the $1,977.75 in 'overtime' supported by the evidence for work on Rollins family housing and structures, on which there would be a fact issue, at least, on applicability of the secondary agriculture exemption. This remittitur would be in lieu of a new trial allowing the jury to determine whether and what of Cornelius' claimed 'over 40' hours might be exempt under the secondary agriculture exemption (for example, work on ranch structures or employee housing) or not (Rollins family housing, if not found incidental to ranch agricultural purpose), and the actual FLSA overtime due for nonexempt work.[14]

---

[14] Appellant recognizes that the Court's precedent in Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259 (11th Cir. 2008), an FLSA collective action on very different facts, questions the propriety of remittitur to correct errors in instructions. Unlike this case, Rodriguez required a new trial because it was a complicated collective FLSA action involving 28 plaintiffs and between $200,000 and $300,000 in overtime pay. Additionally, the evidence is stronger here than in Rodriquez. Cornelius prepared L&E forms detailing the type of 'overtime' work performed. This undisputed documentary evidence was not available in Rodriguez.

**D. The District Court Abused Its Discretion in Denying Rollins Ranches' Proposed Amendment and Excluding *in limine* Evidence Supporting the FLSA Seasonal Recreational Exemption and Cornelius' Roofing Caper.**

This Court reviews a district court's denial of a motion for leave to amend under an abuse-of-discretion standard. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). The same standard applies to exclusion of evidence. "A district court abuses its discretion when its factual findings are clearly erroneous, when it follows improper procedures, when it applies the incorrect legal standard, or when it applies the law in an unreasonable or incorrect manner." Wreal, LLC v. Amazon.com, 840 F.3d 1244, 1247 (11th Cir. 2016).

If, and only if, this Court does not grant Rollins judgment as a matter of law on Cornelius' FLSA claim; equitably bar his FLSA damages under the *in pari delicto* doctrine; or order remittitur of those FLSA damages to $1,977.75, another remediable, harmful error remains.

As discovery ended in this case, Rollins Ranches learned two new things. First, in response to Cornelius' identification of issues for Rollins' Fed. R. Civ. P. Rule 30(b)(6) deposition, Rollins Ranches recovered evidence from related third parties that the Rollins' family members' visits to the Florida ranches might satisfy the FLSA's exemption for

39

seasonal recreational establishments. See 29 U.S.C. § 213(a)(3). See D.E. 62, 62-5.[15] Rollins had not previously identified this defense, factually dependent on the Rollins' family's seasonal visits to the Florida ranches, and it was not specifically identified in its answer. Appx. 2, D.E. 7.

Rollins Ranches also learned, as discovery ended on October 1, 2021, that Cornelius had, in May 2020, ordered nearly $3,000 of metal roofing using Rollins' account and had the roofing delivered to his Okeechobee home, where it was subsequently installed. See D.E. 62, 62-1 through 62-3 (at exhibits to the proposed amended complaint); 73-2 (Cornelius' May 13, 2020 L&E form).

Rollins moved to amend, adding the roofing caper to its counterclaim and to confirm its assertion of the seasonal recreational FLSA exemption. Id., D.E. 62. The District Court denied the amendment. Appx. 4, D.E. 80. Before trial, the District Court granted Cornelius' Motion in Limine, barring use of evidence of the exemption and roofing caper at trial. Appx. 7,  D.E. 142 at ¶ 6, 7 (pp. 3-4).

---

[15] Cornelius' experienced, knowledgeable FLSA counsel's inquiry about the date(s) of Rollins family visits could only have been to foreclose the seasonal recreational exemption, dependent on the visits being seasonal. See 29 U.S.C. § 213(a)(3)(A).

Rollins demonstrated good cause for the amendment sought, and the District Court abused its discretion in denying the amendment, then limiting evidence supporting the exemption, and disclosing the roofing caper, at trial. This error is harmful, and need be addressed, only if Rollins' other grounds for reversal are not granted and the case is instead remanded for a new trial, given the legal error in the trial court's FLSA exemption and damages instructions.

The Federal Rules of Civil Procedure mandate that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). This Rule reflects the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Id. "A district court's discretion to deny leave to amend a complaint is severely restricted by Fed. R. Civ. P. Rule 15, which stresses that courts should freely give leave to amend when justice so requires." Woldeab v. Dekalb Cty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018). Where, as here, a scheduling order date for amendment has passed, leave to amend is appropriate on

41

a showing of good cause. <u>See</u> Fed. R. Civ. P. Rule 16(b)(4); <u>Forbus v. Sears Roebuck & Co.</u>, 30 F.3d 1402, 1404–05 (11th Cir. 1994) (leave to amend to raise affirmative defense, two and a half years after answer filed, affirmed).

Rollins Ranches' late discovery of the roofing caper, and late knowledge that the Rollins family visits for recreational bird hunting fit an FLSA exemption (raised by Cornelius' Rule 30(b)(6) deposition notice, D.E. 62-5), offered good cause for amendments that would allow the issues to be decided on their merits. Rejecting the amendment was an abuse of discretion, harmful on a new trial if not corrected by Rollins' requested relief.

## VI.  <u>CONCLUSION</u>

This FLSA case should not have proceeded beyond its early Rule 68 Offer. That said, it did. This Court should, in order:

(1) Direct judgment as a matter of law for Rollins Ranches on Cornelius' FLSA claim, as no reasonable jury, on the evidence at trial, including Cornelius' contemporaneous documentary admissions, could find that the economic reality was anything

other than an independent contractor relationship, outside the scope of the FLSA.

(2) If the Court concludes that a reasonable jury could have found Cornelius to be an FLSA employee, his complicity in his treatment as a contractor should equitably bar his receipt of $10,903.63 in FLSA overtime damages as a matter of law.

(3) If judgment is not entered as a matter of law, given the legal error in FLSA exemption and damages instructions, and existence of evidence from which a jury, if properly instructed, might have found hours over forty spent on Rollins family housing nonexempt, and the prescription of Fed.R.Civ.P. Rule 1, the Court should direct remittitur of the $10,903.63 FLSA damages award to $1,977.75.

If none of the above is directed, and a new trial ordered, the Court should direct on remand FLSA exemption and damages instructions consistent with the facts and "fair reading" of the FLSA, and correct the error by directing, at new trial, consideration of the seasonal recreational FLSA exemption and Cornelius' billing Rollins Ranches for his new metal roof as a counterclaim.

43

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(A)</u>

This Brief of Appellant filed on behalf of Rollins Ranches, LLC complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 8,630 words, excluding the parts of the Brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This Brief of Appellant complies with the typeface requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Century Schoolbook typeface.

This 5th day of December 2022.

*/s/ Robert E. Rigrish*
Robert E. Rigrish
Georgia Bar No. 605573
Attorneys for Appellant
Rollins Ranches, LLC

BODKER, RAMSEY, ANDREWS,
WINOGRAD & WILDSTEIN, P.C.
3490 Piedmont Road, Suite 1400
Atlanta, Georgia 30305-4808
Telephone: (404) 351-1615
Facsimile: (404) 352-1285

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the Brief of Appellant on the following parties and counsel of record through the Court's electronic-filing system in accordance with Fed. R. App. P. 28(c)(2) as follows:

Silvia Perez-King, Esq.
PEREZKING, PA
1825 Ponce de Leon, 289
Coral Gables, FL 33134
sking@perezkingpa.com
*Counsel for Appellate Charles Cornelius*

Peter Bober, Esq.
Samara Bober, Esq.
BOBER & BOBER, P.A.
2699 Stirling Road, Suite A-304
Hollywood, FL 33312
peter@boberlaw.com
samara@boberlaw.com
*Counsel for Appellee Charles Cornelius*

This 5th day of December 2022

*Robert E. Rigrish*
Robert E. Rigrish
Georgia Bar No. 605573
Attorneys for Appellant
Rollins Ranches, LLC

BODKER, RAMSEY, ANDREWS, WINOGRAD & WILDSTEIN, P.C.
3490 Piedmont Road, Suite 1400
Atlanta, Georgia 30305-4808
Telephone: (404) 351-1615
Facsimile: (404) 352-1285

45